IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERNELL STROMAN, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | C.A. No. 23-589-GBW |
| : | |
| ROBERT MAY, Warden, and : | |
| ATTORNEY GENERAL OF THE : | |
| STATE OF DELAWARE, : | |
| : | |
| Respondents. : | |

## MEMORANDUM

### I.   INTRODUCTION

Petitioner is an inmate at the James T. Correctional Center in Smyrna, Delaware. He has filed a form application for habeas relief that does identify any state criminal action he is challenging. Instead, Petitioner asserts that he wants "to liquidate the grantee of the Pernell Lez Stroman estate of Delaware," and he wants "a master in chancery to do a full accounting." (D.I. 1 at 16) Petitioner presents the following four arguments to support his request for relief: (1) he is a private citizen and "the Trading with the Enemy Act" and "Emergency Relief Act" do not apply to him (D.I. 1 at 6); (2) he is a private citizen who does not "want to be

comingled with enemy belligerents, and "any letters [he] writes have to be acknowledged under exclusive equity" (D.I. 1 at 8); (3) he is "legally disabled because [he does] not have a signature from an administrator/trustee to settle the adverse claims for and against the estate" (D.I. 1 at 9); and (4) "when there is a conflict between the rules of law and the rules of equity, the rules of equity shall prevail," and although he broke "the letter of the law" by running a stop sign, he did not hurt anyone or any property (D.I. 1 at 11).

## II. STANDARD OF REVIEW

A district court may entertain a petition for a writ of habeas corpus on behalf of someone in custody pursuant to the judgment of a state court only on the ground that his custody violates the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Notably, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.

## III. DISCUSSION

Although not entirely clear, Petitioner appears to be challenging a foreclosure and issues concerning a trust; the relief he seeks is a "full accounting." (D.I. 1) He does not identify or challenge the state criminal proceeding for which

2

he is incarcerated, nor does he ask to be released from his incarceration. These deficiencies in Petitioner's pleadings provide a sufficient basis for summary dismissal.

## IV. CONCLUSION

Accordingly, the Court will summarily dismiss Petitioner's § 2254 Petition. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: June 12, 2023

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

3